# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| KIMBERLY M. KING, et al., ) | |
|     Plaintiffs, ) | |
| ) | |
| v. ) | No. 3:03-CV-102 |
| ) | (Phillips/Guyton) |
| ATOMIC TRADES AND LABOR COUNCIL ) | |
| A.F.L.-C.I.O., ) | |
|     Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the court on plaintiffs' motion for partial summary judgment [Doc. 16]. Defendants have filed a response in opposition [Doc. 20]. Because there are material issues of fact in dispute in this case, plaintiffs' motion will be denied.

### Background

Plaintiffs have sued the Atomic Trades and Labor Council (ATLC) pursuant to the Labor Management Relations Act alleging that the ATLC failed to fairly represent the plaintiffs. The complaint alleges that the employer, BWXT breached certain terms of the Collective Bargaining Agreement (CBA) by circumventing the job bid procedure outlined in the CBA affecting eleven of the fourteen plaintiffs. The plaintiffs allege that as a result they were denied proper placement on a seniority list. Plaintiffs also allege that three of the plaintiffs suffered damage from the employer refusing to apply or award company service credits. With respect to all plaintiffs, it is alleged that the ATLC refused to process their grievances, thus failing to discharge its duty of fair representation.

Plaintiffs move the court for partial summary judgment on the grounds that the ATLC created artificial senior dates in direct breach of the CBA, which adversely affected the seniority and service credits of the plaintiffs. Further, the plaintiffs would show that the ATLC refused to accept and process grievances of the plaintiffs, who had exhausted all internal remedies.

Defendants argue that plaintiffs are not entitled to summary judgment because their motion is not supported by any undisputed material facts. Defendants assert that the plaintiffs failed to exhaust their internal remedies, failed to establish a breach of the CBA, and failed to establish a breach of the duty of fair representation by the ATLC.

Analysis

Rule 56(c), Federal Rules of Civil Procedure, provides that summary judgment will be granted by the court only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The burden is on the moving party to conclusively show that no genuine issue of material fact exists. The court must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Morris to Crete Carrier Corp.,* 105 F.3d 279, 280-81 (6th Cir. 1987); *White v. Turfway Park Racing Ass'n, Inc.*, 909 F.2d 941, 943 (6th Cir. 1990); *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). Once the moving party presents evidence sufficient to support a motion under Rule 56, Federal Rules of Civil Procedure, the non-moving party is not entitled to a trial simply on the basis of allegations. The non-moving

party is required to come forward with some significant probative evidence which makes it necessary to resolve the factual dispute at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986); *White,* 909 F.2d at 943-44. The moving party is entitled to summary judgment if the non-moving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof. *Celotex,* 477 U.S. at 323; *Collyer v. Darling,* 98 F.3d 220 (6th Cir. 1996).

Plaintiffs assert that defendant ATLC created artificial seniority dates for certain union members employed as materials clerks and laborers. These seniority dates did not coincide with the date that the employees were actually hired into the particular job, but were dates created simply to place them above other employees who were already working in that job. Plaintiffs allege this is not allowed by the terms of the CBA.

When plaintiffs learned of the alleged violation, they filed grievances pursuant to the grievance procedure outlined in Article III of the CBA. Plaintiffs assert the ATLC intentionally failed to process the grievances of the materials clerks and laborers who were lower on the seniority list as a result of the artificially created date, in violation of the ATLC's duty of fair representation.

In support of their motion, plaintiffs submit the affidavit of James W. Hamby, Jr. In his affidavit, Hamby states that he is the Chief Steward and Delegate to the ATLC for the International Brotherhood of Teamsters Local Union 519 at the Y-12 National Security Complex (Y-12). Although the Teamsters represent the plaintiffs, Local 519 is a

3

participating union in the ATLC. Pursuant to the terms of the CBA, the ATLC has the exclusive right to represent plaintiffs in all matters relating to their employment at Y-12. The Teamsters cannot process grievances or other complaints related to the CBA independent of the ATLC. Hamby further states that beginning as early as November 2001 and continuing into 2003, the ATLC created artificial seniority dates for certain union members employed as materials clerks and/or laborers. These senior dates did not coincide with the date that the employees were actually hired into the particular job, but were dates created simply to place them above other employees who were already working in that job, and to otherwise allow these certain favored union members preferential seniority and/or company service credits, in violation of the CBA.

Hamby goes on to state that each of the plaintiffs had their seniority and/or company service credits adversely affected when the ATLC created artificial seniority dates for other union members, and gave these favored union members higher seniority dates and/or more favorable company service credits than the plaintiffs, in violation of the CBA. Hamby further states that each plaintiff attempted to file grievances with the ATLC, which refused to accept or process the grievances in violation of Article III of the CBA. Lastly, Hamby states that each of the plaintiffs have exhausted their internal remedies under the CBA.

In response, the ATLC has submitted the affidavit of William Earl Johnson. Johnson is the Second Vice President of the ATLC and the senior ATLC representative at Y-12. Johnson states that Hamby's assertion that the Teamsters cannot process

4

grievances or other complaints related to the CBA is incorrect. The Teamsters may receive and process grievances independent of the ATLC and have done so in the past, as evidenced by James Hamby's statement that Hamby has represented union members in the grievance process on behalf of the Teamsters. Further, Johnson states that no seniority dates have been adjusted by the ATLC because any member was favored or preferred over any other member. Johnson also disputes that adjusting company service credits violates the CBA. He states that adjusting company service credits in and of itself is not a violation of the CBA, and that the ATLC has not violated the CBA by adjusting company service credits.

      Johnson points out that three of the plaintiffs voluntarily left their employment to move to a new employer after having been advised in writing that they would thereby surrender their company service credit. The loss of company service credit by these plaintiffs was voluntary and had nothing to do with the ATLC or any seniority list. Johnson also states that no member was given a seniority date adjustment because they were favored. Instead, Johnson states that as a result of a grievance, an employee may have been restored to a seniority list with a resulting displacement down the list of those behind the restored employee. That situation is not improper or unlawful.

      Johnson also states that all of the plaintiffs did not attempt to file grievances and the ATLC did not refuse to process grievances from all of the plaintiffs. The ATLC has no knowledge of many of the plaintiffs even filing a grievance. Thus, all the plaintiffs herein had not exhausted their internal remedies under the CBA.

5

It is apparent to the court that most of Hamby's testimony is disputed and does not present the court with undisputed material facts. In particular, Hamby states that the Teamsters cannot process grievances independent of the ATLC. ATLC Vise-President, Johnson has testified that not only can the Teamsters process grievances independently, but that they have done so in the past. Reference to the CBA, which has been filed with the court, establishes that all grievances are to be initiated with one of the unions, including the Teamsters, that comprise the ATLC. Hamby states that certain union members were "favored." However, Johnson states that no seniority dates have been adjusted by the ATLC because any member was favored or preferred over any other member.

Johnson also disputes Hamby's statement that the alleged adjustment of company service credits or seniority by the ATLC was a violation of the CBA. Rather, Johnson states that adjustment of company service credits is not prohibited by the CBA. Hamby also indicates that each and every one of the plaintiffs attempted to file grievances with the ATLC. This is in contrast to Johnson's statement that the ATLC has no knowledge of many of the plaintiffs filing a grievance. Johnson also disputes Hamby's statement that plaintiffs have exhausted their internal remedies, as plaintiffs did not all file grievances.

In order to prevail on summary judgment, plaintiffs must show that no genuine issue of material fact exists and that they are entitled to judgment as a matter of law. It is apparent to the court that there are a number of material facts in dispute in this case. Plaintiffs have presented no material facts or allegations that are not disputed by the

opposing affidavit of ATLC Vice-President, Johnson.  Thus, plaintiffs have not shown that summary judgment in their favor is appropriate.

Conclusion

For the reasons stated above, plaintiffs' motion for partial summary judgment [Doc. 16] is **DENIED.**

ENTER:

s/ Thomas W. Phillips
United States District Judge

7